**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID SUCKOCKI<br>370 Clifton Beach Road<br>Clifton Township, PA 18424 | :<br>:<br>: |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| FEDEX FREIGHT, INC<br>174 FedEx Drive<br>Pocono Summit, PA 18346<br>and<br>FEDEX CORPORATION<br>942 South Shady Grove Road<br>Memphis, TN 38120 | :<br>:<br>:<br>:<br>:<br>:<br>: |
| | : |
| Defendants. | : |

CIVIL ACTION

No.:

**JURY TRIAL DEMANDED**

## CIVIL ACTION COMPLAINT

Plaintiff, David Suchocki (*hereinafter* referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.     Plaintiff has initiated this action to redress violations by FedEx Freight, Inc. and FedEx Corporation (*hereinafter* collectively referred to as "Defendants") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.), the Family and Medical Leave Act ("FMLA"- 29 USC § 2601), and the Pennsylvania Human Relations Act ("PHRA").[1]  Plaintiff was unlawfully terminated by Defendants, and he suffered damages more fully described/sought herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes.  He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC.  Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under the ADA.  Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.  There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.      This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where it is subjected to personal jurisdiction, rendering Defendants residents of the Middle District of Pennsylvania.

5.      Plaintiff is proceeding herein (in part) under the ADA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address set forth in the caption.

2

8.     FedEx Corporation is an American multination delivery services corporation providing shipping, packaging, and tracking through several subsidiaries, including but not limited to FedEx Freight, Inc.  FedEx Corporation is headquartered at the address set forth in the above-caption.

9.     FedEx Freight, Inc., a subsidiary of FedEx Corporation, provides truckload delivery services in several states throughout the United States (including in Pennsylvania).  Plaintiff was hired through and worked out of the FedEx Freight, Inc. facility located at the address set forth in the above caption.

10.     Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## **FACTUAL BACKGROUND**

12.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.     Plaintiff has been employed with Defendants for approximately 20 years, from in or about February of 2000 until his unlawful termination (discussed further *infra*) on or about May 4, 2020.

14.     At the time of Plaintiff's termination, he was working as a Fleet Maintenance Manager, overseeing approximately 25 employees.

15.      Plaintiff was primarily supervised by Regional Fleet Maintenance Manager, Gregory Moser (*hereinafter* "Moser").

16.     Throughout his tenure with Defendants, Plaintiff was a hard-working employee who performed his job well.

17.     For the last several years of his employment with Defendants, Plaintiff had and continues to suffer from several disabilities, including but not limited to anxiety and depression (and other complications), for which he took medication and treated with a physician.  At all times relevant hereto, Moser was aware of Plaintiff's health conditions.

18.     As a result of his aforesaid disabilities, Plaintiff suffered from sleeplessness, fatigue, panic, and feelings of hopelessness, which (at times) limited his ability to perform some daily life activities, including but not limited to sleeping, concentrating, and working (among other daily life activities).

19.     Despite his aforementioned health conditions and limitations, Plaintiff was still able to perform the essential duties of his job well with Defendants; however, Plaintiff did require reasonable medical accommodations at times (discussed further *infra*).

20.     For example, toward the end of his employment with Defendants, Plaintiff began to suffer side effects and symptoms from a change in medication for his aforesaid disabilities.  As a result, Plaintiff requested and was approved for a brief FMLA leave from on or about April 9, 2020 until on or about May 4, 2020.

21.     During his approximate 4-week medical leave, Plaintiff provided Defendants' management with periodic updates regarding the status of his aforesaid medical conditions, including his return to work date.

22.     Plaintiff was cleared by his physician to return to work full duty on or about May 4, 2020.

23.     Upon Plaintiff's return from FMLA leave on or about May 4, 2020, he was instructed to come in early to meet with Moser, wherein he was abruptly terminated allegedly for "dishonesty."  Plaintiff had no idea what Defendants were referring to, and when he inquired as to how he had been dishonest, Moser refused to provide Plaintiff with any details.

24.     Defendants had admonished Plaintiff for a Facebook post one month prior regarding the Covid-19 pandemic, but Plaintiff was not in violation of any policies and other supervisors and employees have posted Covid-19 concerns on Facebook and have not been disciplined or terminated for same.

25.     Plaintiff believes and therefore avers that Defendants' management was looking for any reason to terminate Plaintiff because of his disabilities and for requesting a brief medical leave for same, because Plaintiff did not violate any policies while working for Defendants, did not engage in any "dishonesty," and does not have a history of progressive discipline while working for Defendants.

26.     Plaintiff believes and therefore avers that he was terminated because of (1) his known and/or perceived disabilities; (2) his record of impairment; (3) his requested accommodations; and/or (4) Defendants' failure to properly accommodate Plaintiff by failing reinstate Plaintiff to the same or similar position he held prior to his FMLA leave or keep his position open during his approximate four-week medical leave.

## COUNT I
## Violations of the Americans with Disabilities Act, as Amended ("ADA")
## ([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)
## -Against Both Defendants-

27.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28.     Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities including, but not limited to sleeping, concentrating, and working (among other daily life activities).

29.     Plaintiff kept Defendants' management informed of his serious health conditions and need for medical treatment throughout his tenure with Defendants.

30.     Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendants; however, Plaintiff did require reasonable medical accommodations at times.

31.     Plaintiff requested reasonable accommodations from Defendants, including but not limited to a brief medical leave to care for and treat his aforesaid health conditions.

32.     Plaintiff was terminated from Defendants on or about May 4, 2020, shortly after requesting and/or utilizing reasonable medical accommodations, and **immediately** upon attempting to return to work from his medical leave of absence.

33.     Upon Plaintiff's information and belief, Defendants failed to accommodate Plaintiff by failing to reinstate him to the same or similar position upon his return from medical leave and/or hold his position open during his approximate four-week medical leave of absence.

34.     Plaintiff believes and therefore avers that he was terminated by Defendants due to (1) his known and/or perceived disabilities; (2) his record of impairment; (3) his requested accommodations; and/or (4) Defendants' failure to properly accommodate Plaintiff.

35.     These actions as aforesaid constitute violations of the ADA.

**COUNT II**
**Violations of the Family and Medical Leave Act ("FMLA")**
**([1] Retaliation & [2] Interference)**
**-Against Both Defendants-**

36.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37.     Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

38.     Plaintiff requested leave from Defendants, his employers, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

39.     Plaintiff had at least 1,250 hours of service with Defendants during his last full year of employment.

40.     Defendants are engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

41.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

42.     Plaintiff was terminated in close proximity to his request for/utilization of block FMLA leave to care for and treat his serious health conditions and immediately upon his attempt to return from FMLA leave.

43.     Defendants committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising hos FMLA rights and/or for taking FMLA-qualifying leave; (2) considering Plaintiff's FMLA leave needs in making the decision to terminate him; (3) terminating Plaintiff to intimidate him and/or prevent him from taking FMLA-qualifying

leave in the future; and/or (4) engaging in conduct which discouraged Plaintiff from exercising his FMLA rights and which would discourage, dissuade and/or chill a reasonable person's desire to request and/or take FMLA leave; and (5) failing to reinstate Plaintiff to the same or similar position upon his return from FMLA leave.

44.    These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.    Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.    Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.    Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.    Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F.    Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated:  June 23, 2020