IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID SUCHOCKI,** | : | CIVIL ACTION NO. 3:20-CV-1048 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **FEDEX FREIGHT, INC.,** | : | |
| Defendant | : | |

### MEMORANDUM

Before the court is the report of Magistrate Judge Joseph F. Saporito, Jr., recommending the court grant in part and deny in part defendant's motion for summary judgment, defendant's objections thereto, and the parties' briefing in support of and in opposition to defendant's objections. For the reasons that follow, we will adopt the report and overrule defendant's objection.

**I.     Background**

Plaintiff David Suchocki initiated this lawsuit with the filing of a two-count complaint asserting employment-discrimination claims against his former employer, defendant FedEx Freight, Inc. ("FedEx").[1] The matter is now proceeding on Suchocki's first amended complaint which asserts three multifaceted counts: discrimination, retaliation, and failure to accommodate in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (Count I), and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. and Cons. Stat. Ann.

---

[1] The complaint also named a second defendant, FedEx Corporation; the parties subsequently stipulated to dismissal of that defendant. (See Docs. 43, 44).

§ 951 *et seq.* (Count III), and retaliation and interference in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* (Count II). Following discovery, FedEx moved for summary judgment, and we referred the motion to Magistrate Judge Saporito for preparation of a report and recommendation. On January 17, 2023, Judge Saporito issued a report recommending we grant in part and deny in part FedEx's motion. FedEx timely objected to the report; Suchocki lodged no objections.

## II. Legal Standard

### A. Report and Recommendation

When a party objects to a magistrate judge's report and recommendation, the district court undertakes *de novo* review of the contested portions of the report. See E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); see also FED. R. CIV. P. 72(b)(3). We afford "reasoned consideration" to any uncontested portions of the report before adopting them as the decision of the court. City of Long Branch, 866 F.3d at 100 (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)).

### B. Summary Judgment

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact" and for which a jury trial would be an empty and unnecessary formality. FED. R. CIV. P. 56(a). The burden of proof tasks the nonmoving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); see also

2

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The court is to view the evidence "in the light most favorable to the non[]moving party and draw all reasonable inferences in that party's favor."  Thomas v. Cumberland County, 749 F.3d 217, 222 (3d Cir. 2014).  This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the nonmoving party on the claims.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986).  Only if this threshold is met may the cause of action proceed.  See Pappas, 331 F. Supp. 2d at 315.

### III.  Discussion

We find Judge Saporito's analysis to be well-reasoned and supported by the applicable law, and FedEx's objections to be without merit.  For purposes of the analysis that follows, we adopt and incorporate in full the statement of undisputed material facts set forth in Judge Saporito's report, which is supported by the Rule 56 record and with which the parties take no issue, (see Doc. 65 at 4-16), as well as Judge Saporito's articulations of the applicable legal standards.  We note as an initial matter that Suchocki has not objected to the recommendation that we grant summary judgment to FedEx as to his FMLA interference claim and his ADA and PHRA failure-to-accommodate claims.  We have afforded "reasoned consideration" to these aspects of the report, see City of Long Branch, 866 F.3d at 100 (quoting Henderson, 812 F.2d at 878), and adopt the analysis in its entirety.

With respect to the retaliation and discrimination claims, FedEx makes much of the report's purported failure to acknowledge or distinguish an unreported decision out of the Western District of Pennsylvania, *viz.*, Yoho v. The Bank of N.Y.

3

Mellon Corp., No. 2:17-CV-917, 2020 WL 7336579 (W.D. Pa. Dec. 14, 2020). To state the obvious: Yoho is an unpublished, nonbinding decision of a sister district court and therefore Judge Saporito was under no obligation to address or distinguish it.

Moreover, though, we agree with Suchocki that the Yoho decision, while bearing some factual parallels, is not on all fours with the instant matter. Both the nature and extent of the plaintiff-employee's alleged misconduct, and the timing and foreseeability of the investigation and impending discipline, distinguish the case. We emphasize, too, that the analysis on which FedEx relies appears in a *failure-to-accommodate* discussion; the plaintiff had forfeited his retaliation and discrimination claims, and the question was whether he had timely requested an accommodation for purposes of his failure-to-accommodate claim. (See Doc. 66 at 7-8 (quoting Yoho, 2020 WL 7336579, at *4, for proposition that "[w]hen an employee requests an accommodation for the first time only after it becomes clear that an adverse employment action is imminent, such a request can be too little, too late" (alteration in original))). In any event, defendant cites no evidence to support its claim that Suchocki *knew* an adverse employment determination was imminent and that he strategically lodged his request for an accommodation in an attempt to tee up a future claim for discrimination or retaliation. Finally, in contrast to Yoho, in which a "tentative decision" to terminate the plaintiff had been made before the request for an accommodation, see Yoho, 2020 WL 7336579, at *5, FedEx did not decide to fire Suchocki until *one day after* he indicated he wanted to explore his FMLA options.

4

FedEx also challenges the report's pretext analysis, contending only the "slimmest of evidence" supports Suchocki's claim that FedEx's cited basis for his termination was pretext for discriminatory and retaliatory intent. (See Doc. 66 at 9). While we agree the evidence is spare, it is not nonexistent: the report cites to both a shift in the behavior of Suchocki's supervisor immediately after becoming aware of Suchocki's disabilities, and a lack of disciplinary issues spanning the two-decade duration of Suchocki's employment, in addition to unusually suggestive timing, as grounds from which the jury could infer pretext. We agree with Judge Saporito that, particularly when viewing the record evidence, as we must, in the light most favorable to the nonmovant, Suchocki has carried his burden to survive summary judgment.

## IV.   Conclusion

For the reasons set forth herein, we will adopt Judge Saporito's report and grant in part and deny in part FedEx's motion for summary judgment. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   March 16, 2023